UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| DACIA NAKEMA WARD, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>KARA HUEBNAR, JOE PEALOT, )<br>VIGO COUNTY, )<br>)<br>Defendants. ) | No. 2:16-cv-00344-WTL-DKL |

**Entry Granting *In Forma Pauperis* Status, Dismissing Complaint,
and Directing Plaintiff to Show Cause**

**I. *In Forma Pauperis***

The plaintiff's request to proceed *in forma pauperis* [dkt. 2] is **granted**. The assessment of even a partial filing fee is not feasible at this time. Notwithstanding the foregoing ruling, the plaintiff owes the filing fee. "All [28 U.S.C.] § 1915 has ever done is excuse *pre*-payment of the docket fees; a litigant remains liable for them, and for other costs, although poverty may make collection impossible." *Abdul-Wadood v. Nathan,* 91 F.3d 1023, 1025 (7th Cir. 1996).

**II. Screening**

The Court will now screen the complaint subject to screening pursuant to 28 U.S.C. § 1915A(b). This statute directs that the Court dismiss a complaint or any claim within a complaint that "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id.* "A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief." *Jones v. Bock,* 549 U.S. 199, 215 (2007).

Plaintiff Dacia Nakema Ward is an inmate at the Vigo County Jail. He alleges that at the time relevant to this complaint he was incarcerated at the Vigo County work release. In this civil rights action he names defendants Kara Huebnar, Joe Pealot, and Vigo County.

Mr. Ward alleges that on or about June 9, 2016, he went to the Vigo County Probation Department to retrieve some paperwork he had given to his probation officer which would help him to "finish the action of becoming a sovereign individual." Dkt. 1, p. 1. He asked if there was a notary available and a woman there notarized the documents for him. Defendant probation office employee Kara Huebnar then asked him whether the documents were for his sovereignty and he responded yes. Ms. Huebnar told him that they could not do that for him (notarize such documents) and instructed him to give her the documents. When he refused, she grabbed some of the documents and shredded them. Officer Pealot of the Probation Officer was in the vicinity when this incident occurred but did not do anything about it.

Mr. Ward alleges that Ms. Huebnar's destruction of his legal documents delayed the filing of those documents (he does not specify where he filed them or in what type of case) in violation of his Fourth, Fifth, Eighth, and Fourteenth Amendment rights. For relief, Mr. Ward seeks an apology from Ms. Huebnar and disciplinary action taken against her, in addition to $150,000.00 in damages.

Contrary to Mr. Ward's belief, none of the circumstances alleged rise to the level of a constitutional deprivation. Mr. Ward does not have a constitutional right to have any state or county employee notarize documents for him, and to the extent he alleges a destruction of documents, he has a state remedy in the form of a tort, if he could show damages.

The Court has considered whether these facts would support a First Amendment denial of access to the courts claim, however, Mr. Ward does not allege that he has been denied the ability

to send legal mail while incarcerated. To state a denial of access to the courts claim, a plaintiff must allege a resulting injury, meaning that "some action by the prison has frustrated or is impeding an attempt to bring a nonfrivolous legal claim." *In re Maxy,* 674 F.3d 658, 661 (7th Cir. 2012). Mr. Ward has alleged no such action by a prison employee nor any viable injury. Therefore, the claim against Kara Huebnar is **dismissed for failure to state a claim upon which relief can be granted.**

Because Ms. Heubner did not violate any of Mr. Ward's constitutional rights, any alleged failure to intervene on the part of Officer Pealot also fails. *See Sanchez v. City of Chicago,* 700 F.3d 919, 926, n. 3 (7th Cir. 2012) (citing *Harper v. Albert,* 400 F.3d 1052, 1064 (7th Cir. 2005) ("In order for there to be a failure to intervene, it logically follows that there must exist an underlying constitutional violation")). Therefore, any claim against Officer Pealot is **dismissed for failure to state a claim upon which relief can be granted.**

Finally, as noted, Mr. Ward names Vigo County as a defendant. A county can be held liable for constitutional violations only when there is "an official policy or other governmental custom that not only causes but is the moving force behind the deprivation of constitutional rights." *Wilson v. Cook County,* 742 F.3d 775, 779 (7th Cir. 2014) (internal quotation omitted). "[A] government agency may be liable when its official policy or custom inflicts the plaintiff's injury." *Id.* (citing *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694 (1978)). "But a municipality may not be held liable under § 1983 solely because it employs a tortfeasor." *Id.* (internal quotation omitted). There are no allegations that a county custom or policy caused harm to Mr. Ward. Therefore, the claim against Vigo County is **dismissed for failure to state a claim upon which relief can be granted.**

"[A] plaintiff can plead himself out of court by alleging facts that show there is no viable claim." *Pugh v. Tribune Co.*, 521 F.3d 686, 699 (7th Cir. 2008). For the above reasons, the complaint fails to state a claim upon which relief can be granted as a matter of law and is therefore **dismissed pursuant to 28 U.S.C. § 1915A**.

### III.  Show Cause

The plaintiff shall have **through October 7, 2016,** in which to **show cause** why this action should not be dismissed for failure to state a claim upon which relief can be granted. *Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1022 (7th Cir. 2013) (plaintiffs should be given at least an opportunity to amend or to respond to an order to show cause before a case is "tossed out of court without giving the applicant any timely notice or opportunity to be heard to clarify, contest, or simply request leave to amend.").

If the plaintiff fails to show cause or seek leave to amend, the action will be dismissed for the reasons set forth in this Entry without further notice.

In addition, it is the plaintiff's obligation to report any change of address within seven (7) days of the change. Failure to report any change of address may result in the dismissal of the action for failure to prosecute.

**IT IS SO ORDERED.**

Date: 9/9/16

_William T. Lawrence_
Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Distribution:

DACIA NAKEMA WARD
VIGO COUNTY JAIL
201 Cherry Street
Terre Haute, IN 47802